SCHOOL ADMINISTRATIVE DISTRICT NO. 17
*vs.*
ROBERT S. ORRE, ET AL.

Oxford.   Opinion, February 10, 1964.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

*Robert T. Smith,* for Plaintiff.

*John A. Platz,*
*Thomas E. Day, Jr.,* for Defendant.

WEBBER, J.   On report.   This complaint seeks a declaratory judgment in effect interpreting the provisions of R. S., Chap. 41, Sec. 15 as amended.   The facts are not in dispute. The School Directors of the plaintiff School Administrative District No. 17 legally designated a parcel of land for school purposes.   The land is located partly in Norway and partly in Paris and is owned by a corporation not a party here. On April 30, 1963 the plaintiff inquired from the owner of the land by letter addressed to its president whether the corporation would sell the land to the plaintiff and requested that a price be set.   By letter of May 21, 1963 the president of the owner corporation replied that the Board of Trustees at a meeting held on May 19, 1963 had concluded that the Board was without authority to act upon plaintiff's request. No communication was received from the owner thereafter. For the purposes of the instant case, the owner not being a party and not having been heard, it must be considered that the owner has declined to sell the property to the plaintiff. The plaintiff has requested that the defendants in their capacity as municipal officers of the two towns in which the property lies proceed to take the property by eminent domain.   The defendants assert that under the provisions of the pertinent statutes the School Directors of plaintiff School Administrative District are exclusively vested with

the authority and charged with the responsibility for such taking.

We turn to the language and intent of R. S., Chap. 41, Sec. 15 as amended, this being the controlling statute. Prior to the passage of the Sinclair Act so-called enacted as P. L., 1957, Chap. 364, the section read as follows:

"Sec. 15. Schoolhouse lots by condemnation; damages; reversion to owner. When a location for the erection or removal of a schoolhouse and requisite buildings has been legally designated by vote of the town at any town meeting called for that purpose, and the owner thereof refuses to sell, or, in the opinion of the municipal officers, asks an unreasonable price for it, or resides without the state and has no authorized agent or attorney therein, they may lay out a schoolhouse lot and playgrounds, not exceeding 25 acres for any 1 project, and appraise the damages as is provided for laying out town ways, and on payment or tender of such damages, or if such owner does not reside in the state, upon depositing such damages in the treasury of such town for his use, the town designating it may take such lot to be held and used for the purposes aforesaid; and when such schoolhouse lot has ceased to be used by the town for school purposes for 2 successive years, said lot reverts to the owner, his heirs or assigns, on demand by him or them in writing made to the municipal officers of the town, subject to the right of the town to enter upon said lot and remove said schoolhouse at any time within 6 months after said demand. Any town or city may take real estate for the enlargement or extension of any location designated for the erection or removal of a schoolhouse and requisite buildings and playgrounds, as herein provided; and all schoolhouse lots and playgrounds that require fencing shall be fenced by the town or city."

The impact of the amendments made by P. L., 1957, Chap. 364, Sec. 5 may best be illustrated by italicizing the addi-

tions to the original text and by enclosing deleted words and phrases in parentheses, with the following result:

"**Sec. 15. Schoolhouse lots by condemnation; damages; reversion to owner.** When a location for the erection or removal of a schoolhouse and requisite buildings has been legally designated by vote of the town at any town meeting called for that purpose *or by the school directors of a school administrative district,* and the owner thereof refuses to sell, or, in the opinion of the municipal officers, asks an unreasonable price for it, or resides without the State and has no authorized agent or attorney therein, they may lay out a schoolhouse lot and playgrounds, not exceeding 25 acres for any one project, and appraise the damages as is provided for laying out town ways, and on payment or tender of such damages, or if such owner does not reside in the State, upon depositing such damages in the treasury of such town for his use, the (town) *administrative unit* designating it may take such lot to be held and used for the purposes aforesaid. (; and when) *When* such schoolhouse lot has ceased to be used (by the town) for school purposes for two successive years, said lot reverts to the owner, his heirs or assigns, on demand by him or them in writing made to the municipal officers of the town *or school directors of the school administrative district,* subject to the right of the town *or school directors* to enter upon said lot and remove said schoolhouse at any time within 6 months after said demand. Any (town or city) *administrative unit* may take real estate for the enlargement or extension of any location designated for the erection or removal of a schoolhouse and requisite buildings and playgrounds. (as herein provided; and all) *All* schoolhouse lots and playgrounds that require fencing shall be fenced by the town, (or) city *or administrative district.*"

Sec. 15 as thus amended must be viewed as part of a legislative plan and pattern which is revealed upon an examina-

tion of all of the provisions of P. L., 1957, Chap. 364. Therein provision was made for the creation of School Administrative Districts which would include more than one town, these Districts to be supervised by School Directors. For the most part functions ordinarily performed either by the selectmen or school committees of towns were in the case of School Administrative Districts placed in the hands of the School Directors. The language of a particular section of the statutes should now be construed in such a manner as to implement the manifest intention of the Legislature and conform to the new pattern.

Sec. 15 as amended provides in express terms that the location for the erection of a schoolhouse and requisite buildings is to be legally designated by action of the School Directors in the case of a School Administrative District and when the owner thereof refuses to sell, they are to lay out the location and appraise the damages. Our attention is called to the language: "or, in the opinion of the municipal officers, (the owner) asks an unreasonable price for it," which covers an alternative situation not involved in the instant case. The words "municipal officers" as therein used now include the School Directors in an appropriate case. Such a construction stems from and is consistent with the virtually identical definitions of "administrative units" as found in R. S., Chap. 41, Sec. 28 as amended by P. L., 1957, Chap. 364, Sec. 11 and in R. S, Chap. 41, Sec. 236 as amended by P. L., 1957, Chap 364, Sec. 96, as follows: "An administrative unit as referred to in this chapter shall include all municipal *or quasi-municipal corporations* responsible for operating public schools." (Emphasis ours.) It may also be noted that P. L., 1957, Chap. 443, Sec. 1 enacting a new Sec. 237E of R. S., Chap. 41 parenthetically discloses the intention of the Legislature with respect to the use of the term "administrative unit" by stating in part: "The several administrative units (cities, towns, plantations and School Administrative Districts) shall be"

etc. The Legislature views the School Administrative District as an "administrative unit" which is a "quasi-municipal corporation" and it follows that the School Directors may be properly considered to be its "municipal officers" for the purpose of performing those duties which rationally and logically should and must be performed by the School Directors. Sec. 15 as amended is still in need of clarifying amendment, especially with respect to the "depositing (of) such damages in the treasury of such town." (not involved in the instant case), but the section as amended, thus construed, nevertheless presents a reasonable and workable method of procedure in the case of School Administrative Districts and fully accords with the overall legislative pattern disclosed by the many amendments and new provisions contained in P. L., 1957, Chap. 364.

Moreover, the foregoing construction accords with a reasonable interpretation of R. S., Chap. 41, Sec. 16 as amended which provides for appeal from the action taken by School Directors under Sec. 15 as above set forth. Sec. 16 was entirely repealed by P. L., 1957, Chap. 342 and a new section substituted, as follows:

"Sec. 16. Appeal. If the owner is aggrieved at the location of the lot or the damages awarded by the municipal officers, he may apply to the county commissioners within 6 months from the determination of such location and award of damages. The county commissioners of the county wherein such property or land is located shall constitute a Board of Appraisers which shall on such application meet and ascertain and determine what the location of the lot shall be, changing said location if they deem it proper, and determine the value of the property or land to be taken, make a correct return of their doings, signed by them, accompanied by an accurate plan of the land and state in their return the name of the person to whom damages are allowed, and the amount allowed. The county commissioners shall give reasonable notice to in-

terested parties of the time and place of their meeting and afford interested parties an opportunity to be heard. Their return shall be filed with the clerk of the county commissioners and remain in the custody of their clerk for inspection, and notice thereof given to the interested parties. If the damages are increased or the location changed, such town shall pay the damages and costs; otherwise the costs shall be paid by the applicant. Any interested party aggrieved by their determination of location or damages may appeal from their determination to the Superior Court of the county at the next regular term of said court following the date of filing of their return with their said clerk. If no such appeal is made, the proceedings shall be closed, and become effectual; all claims for damages not allowed by them be forever barred; and all damages allowed by them be final. If an appeal be taken at the time and in the manner provided herein, the court shall determine the location, changing said location if it deems it proper, and the damages by a committee of reference if the parties so agree, or by a verdict of its jury, and shall render judgment for the location and the damages recovered, and judgment for costs in favor of the party entitled thereto. The appellant shall file notice of his appeal with the county commissioners within the time above limited, and at the first term of court shall file a complaint setting forth substantially the facts, upon which the case shall be tried like other cases. The party prevailing recovers costs to be allowed and taxed by the court, except that they shall not be recovered by the party claiming damages or change of location, but by the other party if on such appeal by either party, said claimant fails to recover a greater sum as damages than was allowed to him by the county commissioners or fails to have the location changed. The committee of reference shall be allowed a reasonable compensation for their services, to be fixed by the court upon the presentation of their report and paid from the county treasury upon the certificate of the clerk

of courts. From the action of the court or on exceptions, or from any judgment after a jury trial, an appeal may be taken by any party to the Supreme Judicial Court.

"Upon final determination of the location of said lot the clerk of the town, clerk of the county commissioners or clerk of Superior Court, whichever one has custody of the records of the final hearing tribunal, shall cause a description of the lot and a plan thereof to be recorded in the registry of deeds for the county or registry district where the same is located."

By P. L., 1957, Chap. 443, Secs. 4 and 5, the words "administrative unit" were substituted for the word "town" in the 16th line and the 41st line of the published text of said section, and by P. L., 1959, Chap. 317, Secs. 13, 14 and 15 changes were made to bring the statute into harmony with the Maine Rules of Civil Procedure. Here again the words "municipal officers" as used in the 2nd line of the published text of the section as now amended must now be taken to mean and include the School Directors in any case where under the provisions of Sec. 15 the taking has been by a School Administrative District. Thus construed the provisions of Secs. 15 and 16 as amended are in harmony and provide an orderly method of procedure in cases involving the location of school properties by School Administrative Districts.

As applied to the instant case judgment should be entered declaring it to be the duty and responsibility of the School Directors of plaintiff District to lay out the proposed schoolhouse lot and playgrounds and appraise the damages for the taking thereof subject to the right of appeal as provided in R. S., Chap. 41, Sec. 16 as amended; and further declaring that the denial of authority to sell, without more, by the owner of the designated lots constitutes a refusal to sell the same to the plaintiff within the meaning of R. S., Chap. 41, Sec. 15 as amended.

*So ordered.*